UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STANLEY KRANTZ                                                CIVIL ACTION

VERSUS                                                        NO. 15-56-JJB-RLB

STATE FARM FIRE AND
CASUALTY COMPANY

# ORDER

Before the court is Defendant's Motion to Compel (R. Doc. 6) filed on June 5, 2012. Defendant asserts that it served written discovery on Plaintiff on February 24, 2015, and has received no response. (R. Doc. 6-4 at 1). Defendant represents that it has made several attempts to obtain discovery responses without court intervention. (R. Doc. 7). Considering the representations made in Defendant's motion, the relief sought, and the need to maintain the current Scheduling Order deadlines, the court ordered Plaintiff to file any opposition on or before June 22, 2015. (R. Doc. 8). On June 22, 2015, Plaintiff filed an Opposition representing that his counsel served discovery responses that same day, and requesting that the court deny the motion to compel as moot. (R. Doc. 9).

## I.    Background

Stanley Krantz ("Plaintiff") filed this insurance action in state court on or about January 26, 2015. (R. Doc. 1-3). Plaintiff alleges that he sustained damages to his house from a fire and has sought recovery from State Farm Fire and Casualty Company ("Defendant"). Defendant removed the action on February 5, 2015 on the basis that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1).

On February 25, 2015, Defendant propounded 24 interrogatories and 27 requests for production on Plaintiff. (R. Doc. 6-1). Defendant argues that in light of Plaintiff's failure to

timely respond pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff has waived any and all objections unless he can present the court with good cause for failing to respond in a reasonable, timely fashion.

On April 20, 2015, defense counsel sent a fax letter to plaintiff's counsel requesting a Rule 37 conference on April 23, 2015. (R. Doc. 7 at 3).

On April 23, 2015, the parties submitted a joint status report. (R. Doc. 4). Defendant indicated that it had propounded written discovery on the Plaintiff, which has not been answered. (R. Doc. 4 at 8).

On April 28, 2015, defense counsel sent an additional letter indicating that he had not received a reply from plaintiff's counsel with regard to the Rule 37 conference requested for April 1, 2015. (R. Doc. 7 at 5). Defendant filed the instant motion on June 5, 2015. (R. Doc. 6).

On June 22, 2015, in light of Defendant's motion, Plaintiff responded to the discovery at issue. (R. Doc. 9-1).

## II.  Law and Analysis

If a party fails to respond fully to discovery requests made pursuant to Rule 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses pursuant to Rule 37. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). "If the motion is granted—or if the disclosure or requested discovery is provided after the motion is filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not order this payment, however, if the nondisclosure was

substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

Here, Defendant propounded the interrogatories and requests for production on February 25, 2015 and Plaintiff provided untimely responses approximately four months later on June 22, 2015. The record indicates that plaintiff's counsel was non-responsive to defense counsel's attempts to resolve this dispute without court intervention. Plaintiff provides that his delay in providing responses was due to the difficulty of traveling to his counsel's office in light of his wife's debilitating stroke. (R. Doc. 9 at 1). Plaintiff provides no explanation, however, for why his difficulty in traveling to his counsel's office precluded him from responding to the discovery requests. Furthermore, there is no explanation for why Plaintiff's counsel has failed to respond to defense counsel's requests for a Rule 37 conference prior to bringing the instant motion.

The court will permit Plaintiff's tardy responses and also allow the consideration of any objections made in those responses. Having provided Plaintiff an opportunity to be heard, however, the court concludes that it must award reasonable expenses to Defendant for bringing the instant motion, including attorney's fees, because Plaintiff's non-disclosure was not substantially justified and the award of expenses will not be unjust. Defendant did not submit anything to support an award of a particular amount of expenses and attorney's fees. A review of the motion and memorandum supports an amount of $250.00.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Compel is **GRANTED** in that Plaintiff is ordered to provide the outstanding discovery.

**IT IS FURTHER ORDERED** that plaintiff's counsel shall pay $250.00 to Defendant in reasonable expenses incurred in bringing its Motion to Compel. This payment is due within 14 days of this Order.

Signed in Baton Rouge, Louisiana, on June 23, 2015.

*(signature)*

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**